1

2

3

4

5                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
6

7   JASON B. LATIMER,
                                        NO:  4:14-cv-05116-SAB
                    Petitioner,
8                                       ORDER *SUA SPONTE* DISMISSING
        v.                              PETITION AS TIME BARRED
9
    JEFFERY A. UTTECHT and
10  ROBERT FERGUSON,

11                  Respondents.

12      BEFORE THE COURT is Petitioner's timely Response, ECF No. 4, to the

13  Order to Show Cause why this petition should not be dismissed as time barred,

14  ECF No. 3. Attorney Gerald R. Smith represents Petitioner Jason B. Latimer, a

15  Washington State prisoner. The Court has not directed service of process on

16  Respondents. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

17  was filed on October 31, 2014. The filing fee has been paid.

18      Under the Antiterrorism and Effective Death Penalty Act of 1996

19  ("AEDPA"), an inmate must seek federal habeas relief within one year after direct

20  review concludes or the time for seeking such review expires. 28 U.S.C. §

ORDER *SUA SPONTE* DISMISSING PETITION AS TIME BARRED -- 1

2244(d)(1)(A). In response to the Order to Show Cause, counsel argues that the concepts of finality and exhaustion and the "various procedures for post-conviction relief in the states result in denial of equal rights and due process for petitioners depending on the state in which they were convicted." ECF No 3 at 3. Counsel contends that "[28] U.S.C. § 2244(d)(2) is unconstitutional as written and interpreted by the courts because it denies equal protection of the laws."  ECF No. 3 at 3.  Petitioner, however, has presented no facts showing that he has been treated differently than similarly situated litigants.

Counsel invites the Court to consider a recent Ninth Circuit decision, *McManagle v. Meyer*, in support of his contentions. 766 F.3d 1151 (9th Cir. 2014). As noted by counsel, California's State appellate system is unique. In *McManagle,* the Ninth Circuit limited its holding to "the context of California misdemeanants who are required to file a state habeas petition in order to both reach the state court of last resort and fully exhaust their claim before seeking relief in federal court." *Id.* at 1155. The Court noted that "seeking habeas review of a misdemeanor in the California Supreme Court is, for the purposes of federal law, *de facto* part of the direct review process." *Id.* at 1156.

In Washington, an appellant challenging his criminal conviction on direct appeal may file a petition for review in order to reach the court of last resort, the Washington State Supreme Court. *See* RAP 13.4(a), Washington Rules of

ORDER *SUA SPONTE* DISMISSING PETITION AS TIME BARRED -- 2

Appellate Procedure. For reasons that have not been explained, Mr. Latimer did not avail himself of this opportunity.

According to the petition, Mr. Latimer was sentenced in Grant County on January 19, 2010. Counsel further indicated that the convictions for first and second degree assault, each with firearm enhancements, were affirmed by the Washington State Court of Appeals, Division III, on June 16, 2011. ECF No. 1 at 2. This date was accepted for the analysis in the Order to Show Cause, but this was error.

A review of the unpublished opinion affirming Petitioner's convictions reveals that the Court of Appeals of Washington, Division III, issued its decision in cause number 28798-0-III, on May 5, 2011.[1] *See* 161 Wash.App. 1030, 2011 WL 1679015.[2] Counsel has also indicated that the convictions were affirmed on May

---

[1] An unsigned, undated copy of this same unpublished opinion is also attached to the Petition under Appendix B, but is designated, "Order Dismissing Personal Restraint Petition." It appears that this document was attached in error. Counsel references "App. B, Order at 8" on page four of the petition, but the attached Order consists of only seven pages.

[2] Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

ORDER *SUA SPONTE* DISMISSING PETITION AS TIME BARRED -- 3

5, 2011, in an unpublished opinion, and that the mandate was filed on June 16, 2011. *See* ECF No. 1, Appendix A at 32. As noted in the Order to Show Cause, "it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review." *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001).

Petitioner makes no assertion that he then sought further direct appellate review in the Washington State Supreme Court and there is no record indicating that he did so. When a prisoner does not seek review in the State's highest court, judgment becomes final on the date that the opportunity to seek such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 646 (2012). Therefore, Petitioner had thirty days from May 5, 2011, in which to file a petition for discretionary review. *See* RAP 13.4 (a).

Counsel has offered none of the statutory bases to delay the onset of the federal limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the federal period of limitations commenced on June 4, 2011, and expired before the Personal Restraint Petition was filed on June 18, 2012. The present Petition is untimely. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

ORDER *SUA SPONTE* DISMISSING PETITION AS TIME BARRED -- 4

Counsel argues that a state Personal Restraint Petition should be considered "pending" before it is filed. ECF No. 3 at 6. He contends that 28 U.S.C. § 2244(d)(2) fails to take into consideration the fact that a Washington petitioner has a year to file for state collateral review and that this time is necessary to fully investigate, research and perform other tasks to ensure full exhaustion.

Petitioner's arguments are precluded by Ninth Circuit precedent. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval"). Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period. *See Banjo v. Ayers*, 614 F.3d 964, 968–69 (9th Cir. 2010) (discussing tolling due to collateral review proceedings).

Even if the Court were to find that Petitioner's efforts to investigate, research and file his Personal Restraint Petition somehow tolled the running of the federal limitations period, counsel offers no explanation for the more than eighteen months which elapsed between when the Washington courts completed review of Mr. Latimer's Personal Restraint Petition on April 12, 2013 and before his federal habeas petition was filed on October 31, 2014. After careful review of the record,

ORDER *SUA SPONTE* DISMISSING PETITION AS TIME BARRED -- 5

1    the Court finds that Petitioner has failed to show cause why this action should not

2    be dismissed as time barred under 28 U.S.C. § 2244(d).

3        Therefore, **IT IS ORDERED** the habeas petition is **DISMISSED with**

4    **prejudice** as untimely. The District Court Executive shall enter this Order, enter

5    Judgment, and forward copies to counsel for Petitioner. The Court further certifies

6    that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §

7    2253(c); Fed. R.App. P. 22(b).

8        **DATED** this <u>10th</u> day of  December 2014.



               Stanley A. Bastian
               United States District Judge

ORDER *SUA SPONTE* DISMISSING PETITION AS TIME BARRED -- 6